# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § | |
| § | |
| Respondent, § | |
| § | |
| VS. § | CIVIL ACTION NO. H-05-391 |
| § | |
| EDWARD LIONEL BLAKE, § | |
| § | |
| Petitioner. § | |
| § | |
| Criminal Action No. 98-215 § | |

## MEMORANDUM AND OPINION

Petitioner, Edward Lionel Blake, moves for relief under 28 U.S.C. § 2255. Blake was convicted of narcotics conspiracy in 1998 and sentenced to 360 months. His appeal was unsuccessful; the Fifth Circuit affirmed in 1999. He filed a motion for relief under section 2255 in 2000, which this court denied in 2002. The Fifth Circuit again affirmed. Blake has now filed another motion for relief under section 2255, asserting that the United States Supreme Court's recent decision in *United States v. Booker*, 543 U.S. ----, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), applies. This court concludes that it does not and dismisses this motion for lack of jurisdiction.

This case is a successive motion that requires the permission of the Fifth Circuit to file. The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") mandates that:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain-
>
> (1) [certain types of newly discovered evidence]; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255. Section 2244(b)(3) sets forth the protocols and standards for requests for second or successive habeas corpus applications in the court of appeals. Among other requirements, a prisoner in Blake's procedural posture must make "a prima facie showing that the application satisfies the requirements of this subsection." 28 U.S.C. § 2244(b)(3)(C) (emphasis added). Section 2255, read in conjunction with section 2244(b)(3)(C), makes explicit that before Blake may obtain permission to file a second or successive motion in the District Court, he must first make a prima facie showing that his request to file a second or successive motion relies on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." *See Reyes-Requena v. United States,* 243 F.3d 893, 897-98 (5th Cir.2001)(holding that section 2244(b)(3) is incorporated into section 2255). In *Tyler*, the Supreme Court held that, in the context of a successive habeas petition, a "new rule is not 'made retroactive to cases on collateral review' unless the Supreme Court holds it to be retroactive." *Tyler*, 533 U.S. at 663, 121 S.Ct. 2478. "The Supreme Court is the only entity that can 'ma[k]e' a new rule retroactive. The new rule becomes retroactive, not by the decisions of the lower court or by the combined action of the Supreme Court and the lower courts, but simply by the action of

the Supreme Court." *Id.*

The courts considering the issue have held that *Booker* does not apply retroactively. *See, e.g., In re Elwood,* 2005 WL 976998, *3 (5th Cir.(La.))("we join our sister circuits and hold that Booker does not apply retroactively on collateral review for purposes of a successive § 2255 motion)*; see In re Olopade,* 403 F.3d 159, 160 (3rd Cir. 2005) ("we will deny Olopade's request for leave to file a second or successive habeas corpus motion because he cannot make a 'prima facie showing,' 28 U.S.C. § 2244(b)(3)(C), that Booker constitutes 'a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable,'"); *Varela v. United States,* 400 F.3d 864, 868 (11th Cir.2005) (per curiam) ("[W]e conclude that Booker . . . falls squarely under the category of new rules of criminal procedure that do not apply retroactively to § 2255 cases on collateral review."); *Bey v. United States*, 399 F.3d 1266, 1269 (10th Cir.2005) ("Booker may not be applied retroactively to second or successive habeas petitions."); *Humphress v. United States*, 398 F.3d 855, 860 (6th Cir. 2005) ("[W]e conclude that Booker's rule does not apply retroactively in collateral proceedings...."); *Green v. United States*, 397 F.3d 101, 103 (2d Cir. 2005) (per curiam) ("[N]either Booker nor Blakely [v. Washington, 542 U.S. ----, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004),] apply retroactively to Green's collateral challenge."); *McReynolds v. United States*, 397 F.3d 479, 481 (7th Cir.2005) ("Booker does not apply retroactively to criminal cases that became final before its release on January 12, 2005.").

This case is dismissed, without prejudice.

SIGNED on May 6, 2005, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge